USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BENJAMIN MORDUKHAEV, ROBERT DYCE,
MARC BUTCHER, MUSTACH ALI, JORGE
AVILA, IGOR MODIN, and MOHAMMAD BUTT,
individually and on behalf of all others similarly
situated,

                           Plaintiffs,

                -against-

MATTHEW DAUS, RAYMOND SCANLON,
CARMENA SCHWECKE, THE NEW YORK CITY
TAXI AND LIMOUSINE COMMISSION, and THE
CITY OF NEW YORK,

                           Defendants.

------------------------------------------------------------x

09 Civ. 5149 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

      Plaintiffs Benjamin Mordukhaev, Robert Dyce, Marc Butcher, Mustach Ali, Jorge Avila, Igor Modin, and Mohammad Butt bring this action, individually and on behalf of others similarly situated, against defendants Matthew Daus, Raymond Scanlon, Carmena Schwecke, the New York City Taxi and Limousine Commission ("TLC"), and the City of New York, alleging violations of: (1) the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, (2) Article 1, Sections 6 and 12 of the New York Constitution, and (3) various provisions of New York state and New York City municipal law. Specifically, plaintiffs allege that defendant TLC's refusal to approve plaintiffs' taxi driver license applications was unlawful and arbitrary. (Second Am. Compl. ¶ 1.) Plaintiff Mordukhaev also alleges that TLC's revocation of his taxi driver license was "ordered without due process of law." (*Id.* ¶ 167.) Plaintiffs seek, *inter alia*, injunctive relief directing defendants to grant taxi driver licenses to plaintiffs and others similarly situated; a judgment

declaring that TLC's post-revocation policies and procedures are unconstitutional and in violation of state law; and compensatory and punitive damages. (*Id.* ¶¶ B-I.)

On July 28, 2009, defendants filed a motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). On September 8, 2009, plaintiff Mordukhaev filed a motion for summary judgment on Count II of the second amended complaint. A week later, plaintiffs filed a separate cross-motion for a judgment on the pleadings or, alternatively, for summary judgment on all remaining counts.

On August 19, 2010, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("Report") detailing the factual and procedural history of the case and recommending that defendants' motion to dismiss be granted. In a separate Recommendation and Report, also dated August 19, 2010, Judge Ellis recommended that both summary judgment motions be denied as moot. Plaintiffs filed timely objections and defendants responded.[1]

After *de novo* review of the Report, plaintiffs' objections, and defendants' response to plaintiffs' objections, *see* 28 U.S.C. § 636(b)(1)(B)-(C), the Court adopts Judge Ellis's Report in its entirety. Nonetheless, the Court provides additional support for dismissing Mordukhaev's due process claim for "unconstitutional revocation" of his taxi driver license. (Second Am. Compl. at 30.) While the Report accurately states that "Mordukhaev's claim that his license was unlawfully revoked should [] be dismissed because he failed to take

---

[1] Additionally, on September 23, 2010, after their 14-day time period to respond to the Report had expired, *see* Fed. R. Civ. P. 72(b)(2), plaintiffs filed a reply memorandum in further support of their objections to the Report. This Court declines to consider plaintiffs' reply memorandum given that Fed. R. Civ. P. 72(b)(2) authorizes only objections and a response, not a reply, to a magistrate judge's report and because plaintiffs never sought leave of the Court to file these papers. *See In re MTC Elec. Techs. S'holder Litig. v. MTC Elec. Techs. Co.*, 74 F. Supp. 2d 276, 281 n.4 (E.D.N.Y. 1999); *see also Forsberg v. Always Consulting, Inc.*, 2008 U.S. Dist. LEXIS 105779, at *13 n.6 (S.D.N.Y. Dec. 31, 2008). In any event, the single case cited in plaintiffs' reply memorandum—*Kuck v. Danaher*, 600 F.3d 159 (2d Cir. 2010)—does not alter this Court's conclusion that Magistrate Judge Ellis's reports be adopted in full.

2

advantage of the post-revocation process provided in an Article 78 proceeding" (Rep. & Rec. at 12), the extent of the due process that Mordukhaev was afforded is also noteworthy.

In order to succeed on a claim of procedural due process deprivation under the Fourteenth Amendment a "plaintiff must first establish that state action deprived him of a protected property interest." *Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009) (citation omitted). It is undisputed that a taxi driver has a protected property interest in his license. *See Bell v. Burson*, 402 U.S. 535, 539 (1971); *Nnebe v. Daus*, 665 F. Supp. 2d 311, 323 (S.D.N.Y. 2009). Given that Mordukhaev has a valid property interest, the issue is whether he was afforded adequate due process. "The touchstone of due process . . . is the requirement that a person in jeopardy of serious loss" be given "notice of the case against him and opportunity to meet it." *Spinelli*, 579 F.3d at 169 (internal quotations and citations omitted).

Here, Mordukhaev had notice and an opportunity to be heard. Specifically, he received pre-deprivation due process in the form of a summons notifying him of the rules he had allegedly violated and the place where the alleged violation occurred and was provided an opportunity to be heard at a hearing before a judge. (Second Am. Compl. ¶¶ 87-95.) *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (stating that the requisite notice must be "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). At that hearing, Mordukhaev testified, objected to the charges levied against him, and presented evidence on his own behalf. (*Id.* ¶ 95.)

Mordukhaev was also afforded post-deprivation due process. After the judge found Mordukhaev guilty of overcharging a customer by $24.75 and revoked his license, Mordukhaev filed an appeal, which the TLC's Chief Administrative Law Judge denied. (*Id.* ¶¶ 95-96.) Following this adverse administrative action, however, Mordukhaev "failed to

take advantage of the post-revocation process provided in an Article 78 proceeding." (Rep. & Rec. at 12.) As the Report makes clear, such a proceeding would have provided a "full adversarial hearing before a neutral adjudicator" and therefore "constitute[d] a wholly adequate post-deprivation hearing for due process purposes."[2] *See Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001); *Nbebe*, 665 F. Supp. 2d at 330; N.Y. C.P.L.R. §§ 7803, 7804. For these reasons, Mordukhaev has failed to show a violation of his procedural due process rights.

Accordingly, it is hereby ordered that Magistrate Judge Ellis's reports (Dkt. #44 and #45), dated August 19, 2010, are adopted in full. Defendants' motion to dismiss is granted and both Mordukhaev's motion for summary judgment and plaintiffs' motion for summary judgment are denied as moot.

Dated: New York, New York
       September 28, 2010

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[2] The Report did not explicitly hold, as plaintiffs suggest, that Mordukhaev's claim fails because he was "required to exhaust state remedies prior to asserting a federal claim." (Pl.'s Mem. of Law at 16.) Rather, "[w]hen § 1983 claims allege procedural due process violations," courts "nonetheless evaluate whether state remedies exist because that inquiry goes to whether a constitutional violation has occurred at all." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 468 n.12 (2d Cir. 2006). Accordingly, the availability of state remedies is part of the Court's analysis in determining whether a plaintiff has been afforded adequate due process.